Lucien A. Cravens, Esq.                                                            E-FILED ON 8/13/2009
Nevada Bar #8413
LAW OFFICES OF LUCIEN CRAVENS
931 South Third Street
Las Vegas, NV  89101
(702) 360-4529
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In Re: | ) | |
|---|---|---|
| | ) | CASE NO. 09−18697−mkn |
| JACQUELINE A. MORIARTY | ) | |
| fka JACQUELINE A. STRADER, | ) | CHAPTER 13 |
| | ) | |
| | ) | Date of Hearing: 9/24/09 |
| Debtor. | ) | Time of Hearing: 3:30pm |
| | ) | |

**MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF US BANK PURSUANT TO 11 U.S.C. §506(a) AND §1322**

Comes Now, Jacqueline A. Moriarty fka Jacqueline A. Strader (hereinafter "Debtor"), by and through her attorney, LUCIEN CRAVENS, ESQ. of the LAW OFFICES OF LUCIEN CRAVENS, and move this Court pursuant to 11 U.S.C. §§506(a) and 1322, Bankruptcy Rules 3012 and 9014 and states:

**JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 1334 and 157.

**STATEMENT OF FACTS**

1. On May 26, 2009, Debtor filed a Voluntary Petition under Chapter 13, Title 11, of the United States Code, case number 09−18697−mkn.

2. In her petition, debtor listed her home which is located at 15 BARTON SPRING CIRCLE, HENDERSON, NV 89074 (hereinafter referred to as "Home"), with a value of $190,000, and a mortgage balance totaling $247,801.

1

3. However, upon further investigation and an actual appraisal, the Home is valued at $178,000. (See appraisal of RAM Appraisal Inc attached hereto as "Exhibit 1").

4. At the time of filing, the "Home" was encumbered by a first mortgage with US BANK. That mortgage has an approximate balance of $191,382 as identified in Schedule D in debtors' petition.

5. On the petition date, Debtor also owed money to US BANK (hereinafter the "CREDITOR US BANK"), identified in Schedule D in debtors' petition.

6. Based upon the secured claim filed by "CREDITOR US BANK" in the amount of $57,178.99 (claim number 3, attached hereto and marked as "Exhibit 2"), said creditor intends to maintain its position as a secured second mortgage.

7. Based on the appraisal (Exhibit 1), the home value of $178,000, less the first mortgage balance of $191,382, results in negative equity, or **no** equity upon which the "CREDITOR US BANK's" claim could attach. (See Exhibits 1, 2 and Schedule D).

8. "CREDITOR US BANK's" claim should be deemed wholly unsecured since under the circumstances should the "Home" sell at auction Creditor would receive nothing.

9. Accordingly, Debtor requests that this Court deem the claim of "CREDITOR US BANK" unsecured and reclassify the same as a general unsecured claim to a receive pro rata distribution with other general unsecured creditors through Debtors' chapter 13 plan.

## **LEGAL ARGUMENT**

In *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002), the Court stated that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C.§506(a),despite the anti-modification language in §1322(b)(2). Specifically, the Court held:

Section 506(a) divides creditors' claims into "secured…claims" and "unsecured claims."  Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the debtor's property, § 506(a) makes clear that the status of a claim depends on the valuation of the property.  An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim

…

To put it more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it.  Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim."  Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

Accordingly, since the claim of "CREDITOR US BANK" is wholly unsecured (in that there is no extant equity above the first mortgage in the home), the Court should reclassify said claim to a general unsecured claim to receive pro rata distributions with like unsecured creditors. "CREDITOR US BANK" should also be stripped of its secured rights under State law since no maintainable security interest in the subject property exists.

Further, debtor is not required to file an adversary proceeding to achieve the requested relief herein.  Debtor may bring a motion to "strip off" "CREDITOR US BANK's"

consensual lien by motion. S*ee In re Williams,* 166 B.R. 615 (Bankr.E.D.Va.1994), *In re Fuller,* 255 B.R. 300 (Bankr.W.D.Mich.2000), *In re Hoskins,* 262 B.R. 693 (Bankr.E.D.Mich.2001), *In re King,* 290 B.R. 641 (Bankr.C.D.Ill.2003), *In re Millspaugh,* 302 B.R. 90 (Bankr.D.Idaho 2003), *Dickey v. Ben. Fin. (In re Dickey)* 293 B.R. 360 (Bankr.M.D.Pa.2003), *In re Hill,* 304 B.R. 800 (Bankr.S.D.Ohio 2003); *In re Sadala* 294 B.R. 180 (Bankr.M.D.Fla.2003), *In re Fisher,* 289 B.R. 544 (Bankr.W.D.N.Y.2003), *In re Robert,* 313 B.R. 545 (Bankr.N.D.N.Y.2004), *In re Bennett,* 312 B.R. 843 (Bankr.W.D.Ky.2004).

## **CONCLUSION**

WHEREFORE, Debtor prays as follows:

1. Find that "CREDITOR US BANK" is not a holder of a lien on the home;

2. Immediately avoid, "Strip off", cancel and extinguish "CREDITOR US BANK's" claim from the home pursuant to 11 U.S.C. §§506(a) and 1322;

3. Reclassify "CREDITOR US BANK's" claim as a general unsecured claim to be paid pro rata with other general unsecured creditors through the debtors' chapter 13 plan;

4. Such other relief the Court may deem just and appropriate.

DATED: This 13th day of August, 2009.

                        LAW OFFICES OF LUCIEN CRAVENS

                        By: /s/ *Lucien Cravens*
                            LUCIEN CRAVENS, ESQ.
                            Nevada Bar #8413
                            Attorney for Debtor